## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NEONATAL PRODUCT GROUP, INC., | ) |
| | ) |
|     Plaintiff and Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| JANICE M. SHIELDS and PAUL W. SHIELDS, | ) |
| *Individually and as trustees of the Shields Family Trust dated August 19, 2010*, and | ) |
| ANGELE INNOVATIONS, LLC, | ) |
| | ) |
|     Defendants, Counterclaimants, and | ) |
|     Third-Party Plaintiffs, | ) |
| | )   Case No. 13-2601-DDC |
| v. | ) |
| | ) |
| CRECHE INNOVATIONS, LLC, | ) |
| MILLENIUM MARKETING GROUP, LTD., and | ) |
| SCOTT A. NORMAN, | ) |
| | ) |
|     Third-Party Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon Counterclaim Defendants' Motion to Compel Production (ECF No. 78). Neonatal Product Group, Inc., Creche Innovations, LLC, Millennium Marketing Group, Ltd., and Scott A. Norman (collectively "counterclaim defendants")[1] move to compel production of an unredacted copy of what they believe is a licensing agreement. Counterclaimants Janice M. Shields, Paul W. Shields, and Angele Innovations, LLC previously produced a redacted copy of the document and oppose production of an unredacted copy on the

---

[1] For clarity, the court refers to these parties as counterclaim defendants. The court notes, however, that Creche Innovations, LLC, Millennium Marketing Group, Ltd., and Scott A. Norman have not asserted affirmative claims against any party, and therefore, the claims asserted against them are not "counterclaims." *See* Am. Compl., ECF No. 49. Although the parties have captioned this case to reflect that these parties are counterclaim defendants, they are more appropriately characterized as defendants to the third-party claims asserted by the Shields and Angele Innovations, LLC. However, because all parties refer to these entities as "counterdefendants" or "counterclaim defendants," the court will do so as well to avoid confusion.

grounds that the motion to compel is untimely, that counterclaim defendants have failed to confer, and that the document is not relevant and contains confidential information. The court finds that counterclaim defendants timely filed the motion within thirty days of service of the discovery response that is the subject of the motion, that counterclaim defendants have made adequate attempts to confer with counterclaimants prior to filing the motion, and that counterclaimants have failed to demonstrate their redactions were proper. For these reasons, the court grants counterclaim defendants' motion to compel.

**I.      Background**

The court set out a detailed history of this case in its previous memorandum and order ruling on counterclaimants' motion to compel.[2] Highly summarized, Plaintiff Neonatal Product Group filed this action seeking declaratory judgment that certain products it makes and sells to care for newborns in hospital neonatal units do not infringe on U.S. Patent No. 6,417,498 (the "'498 patent") and that the patent is invalid because it does not meet the conditions of patentability. Defendants/counterclaimants have also asserted various affirmative claims for relief against Neonatal and related entities and individuals (collectively "counterclaim defendants"). These claims include patent infringement, inducing patent infringement, breach of a license agreement, breach of the patent marketing agreement, tortious interference with a contract, breach of fiduciary duty, and intentionally causing or assisting an agent to violate a duty of loyalty, and unjust enrichment.

On July 30, 2015, Neonatal served its Second Set of Requests for Production by e-mail upon counterclaimants. Included in the discovery requests was Request No. 83, which seeks production of all "contracts, licenses, or agreements mentioning, discussing, or referencing the

---

[2] *See Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC, 2015 WL 6158810 (D. Kan. Oct. 20, 2015).

'498 Patent." On August 31, 2015, counterclaimants responded to the discovery requests by asserting multiple objections. According to counterclaim defendants, counterclaimants did not serve any responsive documents. Counterclaim defendants sent counterclaimants a Golden Rule letter dated September 4, 2015.[3] Among other things, the letter addresses Request No. 83 and the objections counterclaimants lodged to the discovery request. After sending the letter, counsel for counterclaim defendants asked for opposing counsel's availability to meet and confer to further discuss the discovery dispute.[4] Counsel for counterclaimants stated his clients would respond to the Golden Rule letter and "then we can schedule a conference if necessary."[5] On September 18, 2015, counterclaimants sent a written response to counterclaim defendants' Golden Rule letter, which, among other things, contained a response regarding Request No. 83.[6] Four days after receiving the letter, counsel for counterclaim defendants again requested opposing counsel's availability to meet and confer about the discovery dispute.[7] Opposing counsel responded by providing his availability for that day.[8] The parties spoke by phone, and counterclaimants agreed to provide supplemental discovery responses, which they did on or about September 24, 2015.[9] Among the documents produced was a redacted copy of a June 2015 "Term Sheet Licensing Agreement" between Defendant and Counterclaimant Angele Innovations, LLC and Nonparty Kentec Medical, Inc. The document is responsive to Request No. 83.

---

[3] *See* Letter to James J. Kernell from Todd A. Gangel, ECF No. 79-4.

[4] *See* E-mail Chain, ECF No. 79-5.

[5] *Id.* at 1.

[6] *See* Letter to Todd A. Gangel from James K. Kernell, ECF No. 79-6.

[7] *See* E-mail Chain, ECF No. 79-7.

[8] *Id.*

[9] *See* E-mail Chain, ECF No. 79-8.

Apparently, during the September 22 conference call and then again in a September 30 e-mail, counterclaim defendants requested an unredacted copy of the document.[10] According to the e-mail correspondence between the parties, the redactions to the document are identical to a document produced by Kentec in response to a subpoena served on Kentec by counterclaim defendants. Counterclaimants note that counterclaim defendants first received the redacted copy from Kentec more than two months before counterclaim defendants filed their motion to compel.[11]

Counsel for counterclaimants responded to the September 30 e-mail from opposing counsel by noting that the redactions to the document that they produced were made by Kentec "to protect its trade secrets and confidential information."[12] Counsel stated that counterclaim defendants could have filed a motion to compel Kentec to produce an unredacted copy of the licensing agreement but that they had failed to do so. Counsel also questioned the relevance of the discovery request. The parties' e-mail communications about the licensing agreement continued until Monday, October 5, 2015, with counsel for counterclaim defendants continuing to inquire about whether counterclaimants possessed an unredacted copy of the document. Counsel for counterclaimants ultimately stated that it was now their view that any motion to compel production of the document was untimely and that the discovery dispute was therefore moot.[13]

---

[10] *Id.* at 5.

[11] Defs.' Opp'n to Countercl. Defs.' Mot. to Compel Produc. at 3, ECF No. 83.

[12] E-mail Chain, at 4, ECF No. 79-8.

[13] *Id.* at 1.

## II. Discussion

### a. Timeliness

D. Kan. Rule 37.1(b) provides that motions to compel discovery must be filed "within 30 days of the default or service of the response, answer, or objection that is the subject of the motion unless the court extends the time for filing such motion for good cause." Failure to file a timely motion to compel means "the objection to the default, response, answer, or objection is waived."[14] D. Kan. Rule 37.1(b) generally "reflects that the triggering event is service of the response that is the subject of the motion."[15] The time period begins to run when specific information first leading to a dispute is discovered.[16]

Counterclaimants argue the October 5 motion to compel is untimely because counterclaim defendants failed to file the motion within 30 days of August 31, the date on which counterclaimants electronically served their discovery objections. Indeed, both parties assume that the triggering event in this case was service of counterclaimants' August 31 objections to discovery. The court disagrees. The present motion to compel is not asking the court to overrule the discovery objections lodged on August 31. It seeks a court order compelling counterclaim defendants to produce an unredacted copy of a document first produced on September 24. Thus, the triggering event was counterclaimants' supplemental production, which included service of the redacted copy of the term sheet licensing agreement. Prior to September 24, counterclaim defendants could not have predicted that counterclaimants would serve a redacted copy of the

---

[14] D. Kan. Rule 37.1(b).

[15] *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No. 10-1404-JWL, 2012 WL 359877, at *4 (D. Kan. Feb. 2, 2012) (quoting *Hock Foods, Inc. v. William Blair & Co.*, No. 09-2588-KHV, 2011 WL 884446, at *3 (D. Kan. Mar. 11, 2011)).

[16] *Id.* at *4.

document and that they would be in a position in which they would need to compel production of an unredacted copy.[17]

Any other interpretation of the local rule would have the potential of thwarting discovering parties from bringing motions to compel concerning insufficient supplemental discovery responses. For example, adopting the parties' interpretation of D. Kan. Rule 37.1(b) would mean that discovering parties would have no recourse with the court if deficient supplemental responses were served more than 30 days after the responding party served its initial responses and objections because the time to file a motion to compel would have expired. For example, if a party produced only a portion of a responsive document or decided to unilaterally redact certain portions of a responsive document, the discovering party would be foreclosed from moving to compel a proper response. To be clear, the undersigned distinguishes this scenario from a situation involving a motion to compel asking the court to overrule certain timely lodged discovery objections. In that case, the discovering party would have notice of the dispute at the time the responding party served the objections. Here, however, counterclaim defendants' motion to compel is timely because they filed it within 30 days of service of the redacted copy of the term sheet licensing agreement—the supplemental discovery response that is the subject of the motion to compel.

### b. Procedural Conference Requirement

Counterclaimants also argue that the court should deny the motion to compel because counterclaim defendants failed to confer in good faith about this discovery dispute before filing their motion to compel. They argue that counterclaim defendants failed to confer with Kentec

---

[17] Although counterclaimants note that Kentec previously produced an identical redacted copy of the licensing agreement in response to a subpoena, that does not affect the present dispute, which involves a supplemental response to a request for production, not documents produced by a nonparty in response to a subpoena.

when it first produced the redacted copy of the term sheet licensing agreement in response to a subpoena, and they argue that although the parties had communications regarding the term sheet licensing agreement, counterclaim defendants failed to adequately identify the relevance of the requested document.

Fed. R. Civ. P. 37(a)(1) requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer" with the opposing party before filing the motion to compel. This district's local rules expand on the procedural conference requirement. Under D. Kan. Rule 37.2 the moving party's certification "must describe with particularity the steps taken by all attorneys to resolve the issues in dispute." The local rules define "a reasonable effort to confer" as "more than mailing or faxing a letter to the opposing party."[18] Instead, the parties must in "good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[19] Generally, the court will not entertain motions to compel that fail to comply with the conference requirements set forth in the local rules.[20] Here, however, counterclaim defendants have adequately conferred, and requiring additional attempts to confer would likely prove unproductive.

Counterclaim defendants attached to their motion to compel e-mail correspondence about the discovery dispute, their Golden Rule letter, and counterclaimants' response. In addition to the written communication, the parties also discussed this dispute by phone. If anything, the written correspondence demonstrates that it was counterclaimants—and not counterclaim defendants—who cut off any meaningful discussion about the redactions to the term sheet licensing

---

[18] D. Kan. Rule 37.2.

[19] *Id.*

[20] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459-60 (D. Kan. 1999).

agreement. First, counterclaimants failed to answer the simple question about whether they possessed an unredacted copy of the document, and then after more time had passed, counsel for counterclaimants simply concluded the dispute was now moot because any motion to compel an unredacted copy would be untimely.

Counterclaimants' arguments that counterclaim defendants failed to confer with Kentec also lack merit. Clearly, nothing in the applicable procedural rules requires a movant to confer with another entity before moving to compel an opposing party to produce discovery documents. Moreover, the Federal Rules of Civil Procedure expressly encourage parties to limit the burdens discovery may place on nonparties.[21] The fact that counterclaim defendants served a request for production that also encompassed materials a nonparty produced in response to a subpoena does not somehow require counterclaim defendants to have made more of an effort to obtain an unredacted copy from Kentec before moving to compel counterclaimants to produce an unredacted copy. For these reasons, the court rejects counterclaimants' arguments regarding a failure to confer in good faith.

   c. Relevance and Proprietary Business Information

Counterclaimants also argue that counterclaim defendants are not entitled to an unredacted copy of the term sheet licensing agreement because it is not relevant and because it contains proprietary business information from a competitor. Both positions are unpersuasive and borderline improper.

The Federal Rules of Civil Procedure permit a responding party to withhold production of responsive documents based on a well-founded objection to a discovery request.[22] They do

---

[21] *See* Fed. R. Civ. P. 45(d).

[22] Fed. R. Civ. P. 34(b)(2).

not, however, permit a responding party to make a deficient production based on a discovery objection. On the occasions when this court has considered a producing party's unilateral redactions to a discovery document, it has found the practice inappropriate.[23] In an opinion reviewing a magistrate judge's memorandum and order, District Judge John W. Lungstrum agreed with the reasoning of other courts that have rejected redactions to discovery documents.[24] Judge Lungstrum cited a Western District of Pennsylvania opinion:

> Defendants' novel interpretation of their discovery obligations is not supported by the text of Fed. R. Civ. P. 34 and would open a fertile new field for discovery battles. Rule 34 talks about production of "documents," as opposed to the relevant information contained in those documents. It is at least implicit that the duty to "produce documents as they are kept in the usual course of business" includes the substantive contents of those documents. . . . Certainly, a party that seeks to "inspect" a document would anticipate being able to inspect the entire document. This interpretation of Rule 34 is consistent with the guidance in Fed. R. Civ. P. 1 that the Rules be construed to advance the just, speedy and inexpensive determination of cases. There is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information. In sum the Court cannot countenance Defendants' "redaction campaign."[25]

At a minimum, counterclaimants bear the burden to demonstrate the redactions are proper.[26] Their arguments focus on the relevance of the document itself rather on the propriety of the redactions. But the fact that counterclaimants produced the document in response to a request

---

[23] *See McNabb v. City of Overland Park*, No. 12-CV-2331-CM-TJJ, 2014 WL 1152958, at *2-5 (D. Kan. Mar. 21, 2014); *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2010 WL 4792388, at *5-6 (D. Kan. Nov. 17, 2010); *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2007 WL 634735, at *2-3 (D. Kan. Feb. 27, 2007).

[24] *See HR Tech*, 2010 WL 4792388, at *4.

[25] *Id.* (citing *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, No. 2:05-CV-555, 2008 WL 4462301, at *1-2 (W.D. Pa. Sept. 30, 2008)).

[26] *McNabb*, 2014 WL 1152958, at *5.

for production would tend to undercut their argument that portions of the document are not discoverable because the entire document is irrelevant. Had counterclaimants wished to stand on a relevance objection, they should have withheld the document on that basis. Instead, after producing a discovery document, counterclaimants, argue the document is irrelevant and that the irrelevance of the document somehow permits them to unilaterally redact certain portions of the document. The court finds the relevance argument counterclaimants assert was waived when they produced the document.

Counterclaimants' concerns about Kentec's proprietary business information are also not a sufficient basis to uphold the redactions. The court would expect counterclaimants' counsel to be well aware "confidentiality does not act as a bar to discovery and is not grounds to withhold documents or information from discovery."[27] In *High Point SARL v. Sprint Nextel Corp.*, a 2011 opinion from this district, Magistrate Judge David J. Waxse found that a responding party was not substantially justified in withholding discovery documents on the basis of confidentiality concerns, particularly when there was already a protective order in place limiting the disclosure of confidential information.[28] Judge Waxse noted that confidentiality objections are frequently asserted and overruled in federal discovery litigation, but he warned that "this practice must cease."[29] He imposed monetary sanctions on the responding party for asserting a discovery objection not supported by the Federal Rules of Civil Procedure or existing law.[30]

---

[27] *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM, 2011 WL 4008009, at *1 (D. Kan. Sept. 9, 2011).

[28] *Id.* at *3.

[29] *Id.* at *4.

[30] *Id.* Judge Waxse also concluded that because no previous decisions of this court had sanctioned a party for this type of improper discovery objection, the responding party's obligation to pay the sanction was stayed until the completion of the case. If the responding party committed no further violations of Fed. R. Civ. P. 26(g), the court would vacate the sanction order.

This case is similar to *High Point* in that the undersigned has already entered a protective order that limits disclosure of confidential information.[31] Under the protective order, counterclaimants could have designated the document as "confidential" or "highly confidential — attorneys' eyes only." Instead of utilizing the protective order's methods and protections for producing certain sensitive information, counterclaimants withheld the information when there was no legal basis for them to do so. For the reasons stated above, counterclaimants have not carried their burden to demonstrate their redactions were proper.

### III.  Conclusion

Counterclaim defendants' motion to compel is granted. By **November 20, 2015**, counterclaimants shall produce to counterclaim defendants an unredacted copy of the term sheet licensing agreement, subject to the terms of the Amended Protective Order (ECF No. 63) previously entered in this case. Because the court has granted in full counterclaim defendants' motion to compel, it must consider whether to award counterclaim defendants reasonable fees and expenses incurred as a result of filing their motion.[32] It has been the undersigned's experience that litigating whether fees and expenses are warranted, and if so, the appropriate amount, often results in the parties expending as much time and resources as they did litigating the underlying discovery motion. For this reason, the court orders the parties to confer within seven (7) calendar days from the date of this order to attempt to reach an agreement regarding the issue of reasonable fees and expenses. If they cannot come to an agreement, counterclaimants shall show cause in writing to the undersigned within fourteen (14) calendar days from the date

---

[31] *See* Am. Protective Order, ECF No. 63.

[32] Fed. R. Civ. P. 37(a)(5)(A) (stating that the court must award the movant reasonable fees and expenses when a motion to compel is granted unless the movant failed to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified, or if other circumstances make an award of expenses unjust).

of this order why they should not be taxed with counterclaim defendants' reasonable fees and expenses. If the court determines that monetary sanctions are appropriate, it will order counterclaim defendants to file a verified accounting, and it will provide counterclaimants time to respond.

Accordingly,

**IT IS THEREFORE ORDERED** that Counterclaim Defendants' Motion to Compel Production (ECF No. 78) is granted.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2015, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge