IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NEONATAL PRODUCT GROUP, INC.,

    Plaintiff/Counterclaim Defendant,

v.

JANICE M. SHIELDS,
PAUL W. SHIELDS, and ANGELE INNOVATIONS, LLC,

    Defendants/Counterclaimants,

v.

CRECHE INNOVATIONS, LLC,
MILLENNIUM MARKETING GROUP, LTD., and
SCOTT A. NORMAN,

    Counterclaim Defendants.

Case No. 13-2601-DDC-KGS

## MEMORANDUM AND ORDER

On December 21, 2016, defendants and counterclaimants Janice M. Shields and Paul W. Shields, individually and as trustees of the Shields Family Trust, and Angele Innovations, LLC (collectively, "the Shields Defendants") filed a Motion for Leave to File a Second Amended Answer and Counterclaims to Add Party. Doc. 138. As required by our court's local rule, D. Kan. Rule 15.1(a)(2), the Shields Defendants attached their proposed Second Amended Answer and Counterclaims to their motion. Doc. 138-2. On March 17, 2017, the court granted the Shields Defendants' motion and ordered them to file their Second Amended Answer and Counterclaims within 10 days. Doc. 153 at 7.

The Shields Defendants filed a Second Amended Answer and Counterclaims on March 27, 2017. Doc. 154. But, this pleading differs from the proposed pleading that they submitted to the court with their Motion for Leave. Specifically, paragraph 22 of the Answer portion of the proposed pleading reads: "Admitted." Doc. 138-2 at 3 (Proposed Second Amended Answer and Counterclaims ¶ 22). But, paragraph 22 of the Answer portion in the filed pleading states: "Admitted that the parties entered into a Letter of Intent; denied as to the other allegations in this paragraph." Doc. 154 at 3 (Second Amended Answer and Counterclaims ¶ 22).

Plaintiff and counterclaim defendant Neonatal Product Group, Inc. and counterclaim defendants Creche Innovations, LLC, Millenium Marketing Group, Ltd., and Scott A. Norman (collectively, "Neonatal") have filed a Motion to Strike Defendants' Second Amended Answer and Counterclaim. Doc. 156. Neonatal asks the court to strike this pleading under Fed. R. Civ. P. 12(f), Fed. R. Civ. P. 15, and D. Kan. Rule 15.1, because the Shields Defendants filed it without leave of court. Neonatal argues that, with this filing, the Shields Defendants are attempting to withdraw an admission of fact made in their two other Answers. Doc. 30 at 3 (Answer and Counterclaims ¶ 19); Doc. 53 at 3 (Amended Answer and Counterclaims ¶ 22). Neonatal also argues that the Shields Defendants are trying to change a fact to which they stipulated in the Pretrial Order. Doc. 143 at 4 (Pretrial Order ¶ 2(a)(18)). Neonatal asserts that this admission plays a key role in the pending Motion for Partial Summary Judgment. And, Neonatal asserts, the court should strike the filed pleading because the Shields Defendants never obtained leave of court to file this version of their Second Amended Answer and Counterclaim.

Rule 15(a)(1) allows a party to amend a pleading once as a matter of course within 21 days after serving it on the opposing party or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If the amendment

falls outside of that period of time, Rule 15(a)(2) provides that the party may only amend a pleading with leave of the court or with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The rule also provides that the court "should freely give leave when justice so requires." *Id.*

Here, the Shields Defendants never requested leave of court to file the version of their Second Amended Answer and Counterclaims that they actually filed on March 27, 2017. Doc. 154. Instead, the court granted the Shields Defendants leave under Rule 15(a)(2) to file a different version of that pleading. *See* Doc. 153 (granting the Shields Defendants leave to file their Proposed Second Amended Answer and Counterclaims (Doc. 138-2)).

The Shields Defendants respond, arguing that their filed pleading does not violate Rule 15 or D. Kan. Rule 15.1. They contend that the court granted them leave to file an amended pleading, and that the amended pleading they filed just makes a "clarification" to one of their admissions. Doc. 161 at 2. The court disagrees. The filed amended pleading makes a substantive change to one of the Shields Defendants' admissions. It is more than a clarification.

The Shields Defendants also argue that this "clarification" is necessary to respond to Neonatal's untimely assertion of an accord-and-satisfaction affirmative defense in their Motion for Partial Summary Judgment. Doc. 161 at 2. Whatever the Shields Defendants' reason for making this change, the federal and local rules do not authorize them to file an amended pleading unilaterally. To the contrary, the Shields Defendants must obtain leave of court before filing an amended pleading. *See* Fed. R. Civ. P. 15(a)(2); *see also* D. Kan. Rule 15.1.

Our court routinely strikes amended pleadings that parties have filed without first seeking and procuring the requisite leave of court. *See*, *e.g.*, *Brown v. Couchman*, No. 04-2209-KHV, 2004 WL 2607551, at *9 (D. Kan. Nov. 16, 2004) (granting a motion to strike an amended

complaint because plaintiff did not seek leave of court or defendants' consent before filing the pleading); *Vasquez v. Johnson Cty. Housing Coalition, Inc.*, No. 03-2147-CM, 2003 WL 21479186, at *1 (D. Kan. June 16, 2003) (striking plaintiff's amended complaint because "[p]laintiff had neither leave of court nor written consent of the opposing party to assert additional counts in his Amended Complaint"); *Jarrett v. Sprint/United Mgmt. Co.*, No. 97-2487-EEO, 1998 WL 560008, at *1 (D. Kan. Aug. 17, 1998) (explaining that the court previously had granted defendant's motion to strike plaintiff's amended complaint because plaintiff had failed to file a motion seeking leave to file an amended pleading). Because the court never granted the Shields Defendants leave to file the version of the Second Amended Answer and Counterclaims that they have filed, the court follows the same procedure here. The court thus strikes the pleading.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Neonatal's Motion to Strike Defendants' Second Amended Answer and Counterclaim (Doc. 156) is granted. The court strikes the Second Amended Answer and Counterclaims (Doc. 154). The court orders the Shields Defendants to file the Proposed Second Amended Answer and Counterclaims (Doc. 138-2) that the court granted them leave to file within 10 days of the date of this Order.

**IT IS SO ORDERED.**

**Dated this 24th day of May, 2017, at Topeka, Kansas.**

               **s/ Daniel D. Crabtree**
               **Daniel D. Crabtree**
               **United States District Judge**